UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PEPE,

    Plaintiff,

v.                                    Case No:  2:25-cv-00564-JLB-KCD

SAUL B. VILLALOBOS, KHALEEB
HOOVER, STEVEN PEPE, LUKE
LAJGI, CHRISTOPHER DECOSTA,
STEPHEN C. RUBINO, KIM
HUBERT,

    Defendants.
_____/

## ORDER

    The Magistrate Judge has entered a Report and Recommendation (Doc. 29), recommending that Plaintiff Thomas Pepe's Amended Complaint (Doc. 26) be dismissed with prejudice as an impermissible shotgun pleading. Plaintiff, proceeding *pro se*, timely objected to the recommendation. (Doc. 34). After an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted. Accordingly, Plaintiff's objections are **DENIED**.

## BACKGROUND

    In a previous Order, the Court denied Plaintiff's Complaint (Doc. 1) without prejudice as a shotgun pleading. (Doc. 10). Specifically, the Court explained that Plaintiff's Complaint suffered from several deficiencies. First, the Complaint "assert[ed] multiple claims against multiple defendants without specifying which of

the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (Doc. 10 at 5) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021)).  Second, Plaintiff's Complaint failed to plead *any* of the elements for an adequate RICO claim, instead relying on conclusory allegations.  (Doc. 10 at 6; *see generally* Doc. 1).

The Court gave Plaintiff leave to file an amended complaint to cure these deficiencies.  Plaintiff filed an Amended Complaint (Doc. 26).  The Magistrate Judge reviewed the Amended Complaint and recommended it be dismissed with prejudice as a shotgun pleading.  (Doc. 29).  Plaintiff objects.  (Doc. 34).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

## DISCUSSION

Plaintiff objects to dismissal of his Amended Complaint, arguing that it is not conclusory and sets forth "detailed factual allegations against each named defendant" and, even if it is insufficient, he should be given leave to file a second amended complaint.  (Doc. 34 at 2–3).  However, Plaintiff's Amended Complaint fails to cure the deficiencies the Court previously identified despite being given the opportunity to do so.  Thus, Plaintiff's Amended Complaint is **DISMISSED with prejudice**. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite

2

construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules.").

The Amended Complaint brings five claims against Defendants, which include his brother, several real estate agents, and an attorney. (Doc. 26). The claims are: (1) conspiracy to violate civil rights under 42 U.S.C. § 1985; (2) fraud and fraud upon the court under Federal Rule of Civil Procedure 60(d)(3); (3) abuse of process; (4) defamation and slander; and (5) harassment and retaliation. (*Id.* at 8). All claims stem from "estate proceedings and a fraudulent real estate transaction involving Plaintiff's deceased father's property." (*Id.* at 1). As pleaded, the Amended Complaint suffers from several issues.

The Amended Complaint constitutes a shotgun pleading. *Barmapov* 986 F.3d at 1324 ("A shotgun pleading is a complaint that violates either [Rule] 8(a)(2) or Rule 10(b), or both."). As pleaded, the Amended Complaint does not contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Nor does the Amended Complaint utilize "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, the Amended Complaint brings several claims against several defendants "without specifying which defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325. Thus, the Defendants do not have "adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018).

3

Additionally, the Amended Complaint provides insufficient factual allegations supporting the five claims. For example, Plaintiff merely alleges that a Defendant "breached the contract" without any further explanation. (Doc. 26 at 3). And Plaintiff makes another conclusory allegation that the Defendants "engaged in a scheme to suppress Plaintiff's lawful rights, block justice, silence estate objections, and inflict severe emotional, reputational, and financial harm." (*Id.*).

Because the Amended Complaint is a shotgun pleading, the Court finds dismissal with prejudice appropriate. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). The Court declines to provide Plaintiff another chance to amend his complaint, as he has already been provided that opportunity and has failed to cure the same deficiencies identified. (*See* Doc. 10); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("A *pro se* plaintiff must be given at least ***one*** chance to amend the complaint before the district court dismisses the action with prejudice where a more carefully drafted complaint might state a claim.") (emphasis added).

*–Rest of page intentionally left blank–*

## CONCLUSION

Accordingly, it is **ORDERED**:

(1)  The Report and Recommendation (Doc. 29) is **ADOPTED** and made a part of this Order for all purposes.

(2)  Plaintiff's Objection to the Report and Recommendation (Doc. 34) is **DENIED**.

(3)  Plaintiff's Amended Complaint (Doc. 26) is **DISMISSED with prejudice**.

(4)  The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** in Fort Myers, Florida, on September 16, 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE